IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLAS-WELD SYSTEMS, INC., an
Oregon Corporation,

    Plaintiff,

v.

MICHAEL P. BOYLE, dba SURFACE
DYNAMIX,

    Defendant.

Civ. No. 6:12-cv-02273-AA

AMENDED ORDER

---

Robert E. Barton
Paul A.C. Berg
Cosgrave Vergeer Kester, LLP
888 S.W. Fifth Avenue, Suite 500
Portland, OR 97204

James A. Gale
Gregory L. Hillyer
Javier Sobrado
Feldman Gale, P.A.
One Biscayne Tower, Suite 3000
2 S. Biscayne Blvd.
Miami, Florida 33131
    Attorneys for Plaintiff

1 - OPINION AND ORDER

Michael P. Boyle
Surface Dynamix
64619 W. Highway 20, Unit B
Bend, OR 97701
    Defendant appearing Pro Se

AIKEN, Chief Judge:

Plaintiff Glas-Weld Systems, Inc., brought this patent infringement action against defendant Michael P. Boyle, dba Surface Dynamix, pursuant to 35 U.S.C. § 271 et seq. Defendant's second and third affirmative defenses to plaintiff's claims contain allegations of fraud and inequitable conduct. Plaintiff now moves to strike defendant's second and third affirmative defenses for failure to comply with the pleading standards set forth in Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").

## DISCUSSION

Rule 9(b) requires a party pleading a claim or defense premised on fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This standard is an exception to the more liberal notice pleading standard codified by Rule 8, which merely requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

Here, defendant's second and third affirmative defenses contain allegations of inequitable conduct and fraud. Specifically, defendant's second affirmative defense alleges

2 - OPINION AND ORDER

"inequitable conduct in that the patents 180 and 372 are invalid and obtained fraudulently." (Doc. 13, ¶ 34). Defendant's third affirmative defense asserts that plaintiff is barred from claiming patent infringement because it "obtained patents illegally, violated the provisional patents of others, and obtained information, knowledge and patent fraudulently." (Doc. 13, ¶ 35)

When a party pleads inequitable conduct, a court cannot "infer facts to support a claim." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1328 (Fed. Cir. 2009) (quoting Ferguson Beauregard/Logic Controls Div. Of Dover Res., Inc. v. Mega Sys., LLC, 350 F.3d 1327, 1343 (Fed. Cir. 2003). Further, pleadings claiming inequitable conduct are governed by Rule 9(b), meaning they "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Exergen, 575 F.3d at 1328. Accordingly, such a pleading must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." Id. at 1328-29.

Defendant's second affirmative defense fails to meet this standard. He alleges inequitable conduct based on fraud, with no

3 - OPINION AND ORDER

factual allegations to support his claim. The same deficiencies plague the third affirmative defense. Defendant pleads fraud without offering any facts allowing the court to infer the "who, what, when, where, and how" supporting an inference of fraud or misrepresentation. Accordingly, these affirmative defenses fail to meet the heightened pleading standard set forth in Rule 9(b).

## CONCLUSION

For the foregoing reason, plaintiff's Motion to Strike (doc. 14) defendant's second and third affirmative defenses is GRANTED. IT IS SO ORDERED.

Dated this 4th day of May, 2013.

_____
Ann Aiken
United States District Judge

4 - OPINION AND ORDER