IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLAS-WELD SYSTEMS, INC., an                    Civ. No. 6:12-cv-02273-AA
Oregon Corporation,

                                                                ORDER

          Plaintiff,

     v.

MICHAEL P. BOYLE, dba SURFACE
DYNAMIX,

          Defendant.
_____

AIKEN, Chief Judge:

     Plaintiff Glas-Weld Systems, Inc., brought this patent
infringement action against defendant Michael P. Boyle, dba Surface
Dynamix, pursuant to 35 U.S.C. § 271 et seq. Currently, Michael
Boyle is appearing in this action pro se. Before the court are
Michael Boyle's motion to dismiss, plaintiff's motion to amend, and
plaintiff's request for a protective order regarding depositions.
Michael Boyle's motion is denied, and plaintiff's motions are
granted, in part.

1 - ORDER

BACKGROUND

The following facts are taken from plaintiff's complaint and proposed amended complaint, and at this stage of the proceedings, are accepted as true. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

Plaintiff is an Oregon corporation in the business of windshield repair. It offers glass repair products and services and owns several patents related to these products and services. Michael Boyle and his son Christopher Boyle are former employees of plaintiff and currently do business as Surface Dynamix and/or Smart Glass Repair.

On September 23, 1997, U.S. Patent No. 5,670,180 (the '180 Patent), entitled "Laminated Glass and Windshield Repair Device," was duly and legally issued to plaintiff by the United States Patent and Trademark Office (PTO). The named inventors on the '180 Patent are Randy L. Mackey and Robert A. Beveridge. Plaintiff is the current and sole owner of the '180 Patent.

On May 24, 2005, U.S. Patent No. 6,898,372 (the '372 Patent), entitled "Lamp System for Curing Resin in Glass" was duly and legally issued to plaintiff by the PTO. The named inventors on the '372 Patent are defendant Michael Boyle and Randy L. Mackey. However, plaintiff asserts that Michael Boyle assigned his rights in the '372 patent to plaintiff, and that plaintiff is the current and sole owner of the '372 Patent.

2 - ORDER

In August and September of 2009, Michael Boyle and Christopher Boyle, respectively, were terminated by plaintiff.

Plaintiff alleges that after their termination, the Boyles formed Surface Dynamix, and on or about December 1, 2010, began unlawfully marketing, advertising and selling products that infringe one or more of the claims recited in plaintiff's patents.

Plaintiff also alleges that Michael Boyle improperly and unlawfully misappropriated plaintiff's confidential customer lists and other proprietary information. Plaintiff contends that the Boyles, through Surface Dynamix and/or Smart Glass Repair, continue to unlawfully use plaintiff's customer lists and other proprietary information to sell, or attempt to sell, infringing products to plaintiff's customers, thereby introducing unauthorized, "knockoff" products and decreasing plaintiff's market share.

Michael Boyle was charged and prosecuted for identity theft of trade secrets stemming from his allegedly unauthorized access of plaintiff's computers and theft of plaintiff's customer lists. On December 7, 2012, Michael Boyle entered into a *Alford* plea to one misdemeanor count of identity theft.

Plaintiff alleges that after his conviction, Michael Boyle continued to send emails to plaintiff's domestic and foreign customers, deriding and defaming plaintiff and its owner.

On December 17, 2012, plaintiff filed suit against Michael Boyle and alleged infringement of the '180 and '372 Patents.

3 - ORDER

Plaintiff maintains that after it filed suit, Christopher Boyle began sending harassing emails to plaintiff and its employees. Further, plaintiff alleges that Michael and or Christopher Boyle maintain a Facebook page devoted to the harassment and derision of plaintiff and its employees.

Plaintiff now seeks to add Christopher Boyle as a defendant and allege claims of patent infringement against him based on his role as president and owner of Surface Dynamix and/or Smart Glass Repair. Plaintiff also seeks to add a claim of unfair competition against both Michael and Christopher Boyle. Plaintiff further requests a protective order from the court regarding depositions conducted by Michael Boyle. In turn, Michael Boyle seeks to dismiss the claims against him.

### DISCUSSION

Michael Boyle seeks dismissal of plaintiff's patent infringement claims on several grounds, including the doctrines of acquiescence and laches, and the alleged invalidity of the '180 and '372 Patents. However, these arguments raise issues of fact that must be supported by evidence, and it is improper for a court to consider such disputed facts or evidence on a motion to dismiss. Instead, under Fed. R. Civ. P. 12(b)(6), any inferences raised by a complaint are construed in favor of the plaintiff, and its well-pleaded factual allegations are taken as true. Daniels-Hall, 629 F.3d at 998. "[F]or a complaint to survive a motion to dismiss, the

4 - ORDER

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv</u>., 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Here, plaintiff's well-pleaded allegations state claims for patent infringement against Michael Boyle; specifically, plaintiff alleges that Michael Boyle makes, uses, and/or sells products which embody claims of the '180 and '372 patents. Compl. ¶¶ 18-21, 24-27, 30-32. Whether such allegations will be proven by the evidence is not a question that can be answered on a motion to dismiss. Rather, after the parties engage in discovery and file motions for summary judgment based on the evidence discovered, the court may examine such evidence at that time. Therefore, Michael Boyle's motion to dismiss is denied.

I next consider plaintiff's motion to amend the complaint. Leave to amend under Federal Rule of Civil Procedure 15 should be given "freely" "when justice so requires," and courts apply Rule 15 "with extreme liberality." Fed. R. Civ. P. 15(a)(2); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003). In determining whether a motion to amend should be granted, pertinent factors the court should consider include bad faith,

5 - ORDER

undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed. United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Here, I find no bad faith, undue delay or prejudice, given that the parties are still in the discovery phase. Further, plaintiff has not sought previous amendments, and the facts in the proposed amended complaint state viable claims for infringement of the '180 and '372 Patent against Christopher Boyle and unfair competition against both Michael and Christopher Boyle based on their alleged misappropriation of plaintiff's customer list. Therefore, the motion to amend is allowed.

The final issue is plaintiff's request for a protective order to limit Michael Boyle's ability to personally depose plaintiff's employees. Plaintiff emphasizes that, as part of the criminal judgment against Michael Boyle, he was ordered to have no contact with plaintiff's employees. The no-contact order was modified to allow limited contact as "deemed necessary" by this court. Plaintiff nevertheless argues that Boyle should not be allowed to depose plaintiff's employees because of his past and continuing harassment of them.

I recognize plaintiff's concerns regarding the Boyles given the disagreements and noted hostility between the parties; notably, this court previously granted plaintiff's motion for protective

6 - ORDER

order regarding confidential information. That said, Michael Boyle is appearing pro se, and I am reluctant to require a pro se litigant to incur legal fees to defend himself without giving him the opportunity to conduct discovery and depositions in an appropriate, professional manner, one that complies with the discovery rules contained in the Federal Rules of Civil Procedure (Rules 26-37). Presumably, plaintiff's counsel, and perhaps others, would be in attendance at any deposition to intervene if either Michael or Christopher Boyle was to become harassing or abusive.

Accordingly, plaintiff's motion is denied, though only in part. Any deposition of plaintiff's employees shall take place in a place chosen by or agreed to by plaintiff, and the depositions shall comply with the applicable Federal Rules of Civil Procedure. Further, should the questioning become hostile, abusive, or threatening, or inquire into areas unrelated to plaintiff's claims, plaintiff may terminate the deposition, renew its motion for protective order, and seek monetary sanctions against Michael and/or Christopher Boyle.

Finally, I note that in letters to the court, both parties stated their openness to mediation. I therefore strongly urge the parties to confer and contact the court if they wish assistance in scheduling such mediation, preferably before the parties engage in time-consuming and expensive discovery efforts.

///

7 - ORDER

CONCLUSION

Plaintiff's Motion to Amend (doc. 28) is GRANTED, and plaintiff's Motion for Protective Order regarding depositions is GRANTED in part, as set forth above. Defendant's motion to dismiss (docs. 32, 33) is DENIED.

IT IS SO ORDERED.

Dated this _22_ day of July, 2013.

_____
Ann Aiken
United States District Judge

8 - ORDER