IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLAS-WELD SYSTEMS, INC., an
Oregon Corporation,

   Plaintiff,

 v.

MICHAEL P. BOYLE, dba SURFACE
DYNAMIX and CHRISTOPHER BOYLE,

   Defendant.

Civ. No. 6:12-cv-02273-AA

ORDER

AIKEN, Chief Judge:

 Plaintiff Glas-Weld Systems, Inc., brought this patent infringement action against defendants Michael P. Boyle, dba Surface Dynamix, and Christopher Boyle pursuant to 35 U.S.C. § 271 et seq. Currently, Michael Boyle is appearing pro se in this action, and Christopher Boyle has not yet appeared. Before the court are plaintiff's motions to compel, to reclassify information, for imposition of sanctions, for service by publication, and for a

1 - ORDER

protective order. Defendant Michael Boyle has also filed "emergency motions" for summary judgment, to compel depositions, and for appointment of counsel.

A. Plaintiff's Motions

    1. Motion to Compel

Plaintiff seeks to compel the production of documents, answers to interrogatories and requests for admissions served on Michael Boyle in May and June 2013.

Michael Boyle has not responded to the motion, and I find his responses to plaintiff's discovery requests to be incomplete and insufficient. Therefore, plaintiff's motion for compel is granted. Michael Boyle will produce documents responsive to the requests for production, and he will provide complete answers to plaintiff's interrogatories and requests for admissions. If Michael Boyle does not possess the information or documents, he shall so state with specificity. Michael Boyle is ordered to respond to plaintiff's outstanding discovery requests within 45 days.

    2. Motion to Reclassify Information

Plaintiff moves to reclassify information Michael Boyle has designated as "Attorney Eyes Only." Plaintiff contends such information should be reclassified as "confidential," as it does not meet the criteria for "Attorney Eyes Only" under the relevant protective order. I agree, and such information is reclassified as "confidential."

2 - ORDER

### 3. Motion For Imposition of Sanctions

Plaintiff also moves for sanctions in the form of: 1) an order admonishing Michael Boyle for his improper, uncooperative and harassing behavior and ordering him to comport himself with professionalism; 2) an order holding that all unanswered requests in plaintiff's First set of Requests for Admission be deemed admitted; and 3) an order prohibiting Boyle from using any information or documents responsive to any of plaintiff's discovery requests as evidence to support his claims or defenses.

Given the exhibits attached to plaintiff's memorandum, in particular Exhibits 2, 3, 4 and 8, I find that an admonishment is warranted. Michael Boyle is advised that profanity, threats, and taunts have no place in this case and that such behavior will not be tolerated. Michael Boyle shall conduct himself with professionalism and courtesy in all dealings with plaintiff and counsel; if he does not, I will consider imposing additional sanctions, monetary and otherwise. At this time, plaintiff's requests for discovery sanctions will not be granted given that Michael Boyle is ordered to respond to plaintiff's discovery requests within 45 days.

### 4. Motion for Alternative Service

Plaintiff had moved for an order allowing alternative service of defendant Christopher Boyle, by mail and by publication, after being unable to serve defendant personally or by certified mail at

3 - ORDER

his last known addresses.[1] Since that time, Christopher Boyle has made himself available for personal service, and plaintiff represents that it withdraws the motion. Accordingly, plaintiff's motion for alternative service is denied as moot.

### 5. Motion for Protective Order Regarding Depositions

Plaintiff seeks a protective order barring Michael Boyle from conducting depositions until defendant Christopher Boyle files a responsive pleading, so that depositions sought by defendants may be coordinated. Plaintiff further requests that depositions be postponed until Michael Boyle provides complete responses to plaintiff's outstanding discovery requests.

I find both requests reasonable. Coordinating depositions for both defendants is encouraged by the Federal Rules of Civil Procedure and will decrease the burden and expenses incurred by all parties, and the exchange of documents and interrogatory answers will assist the parties in preparing for depositions. Further, Michael Boyle must provide responses to plaintiff's discovery requests within 45 days. Once plaintiff receives those responses and defendant Christopher Boyle appears, depositions may proceed.

---

[1] The court declines to enter the fray regarding plaintiff's efforts to serve Christopher Boyle. Suffice it to say that plaintiff was justified in attempting to locate Christopher Boyle at the home and business of Michael Boyle, given their familial relationship and the past association between them. See McCallum Decl.; Garbutt Decl. (Doc. 25-2), Exs. 2, 5, 6, 9. Whether an investigator or process server "harassed" Michael Boyle is disputed and not a question the court need answer now that personal service has now been effectuated on Christopher Boyle.

4 - ORDER

B. Defendant Michael Boyle's Motions

    1. Motion for Summary Judgment

Michael Boyle seeks "summary judgment" dismissal of plaintiff's claims on grounds that he was harassed by an investigator, process service or other agent of plaintiff. The motion is denied. It is generally undisputed that the investigator and/or process server was attempting to serve Christopher Boyle with service and summons. Michael Boyle provides no information or evidence that plaintiff endorsed, promoted or ordered the alleged harassment, and dismissal of plaintiff's claims is not warranted. Further, Christopher Boyle has been served, and Michael Boyle will no longer be subjected to efforts to locate his son.

    2. Motion to Compel Depositions

Michael Boyle seeks to compel the depositions he has attempted to notice. As indicated above, once defendant Christopher Boyle files a responsive pleading and outstanding discovery requests are completed, depositions may proceed.

Defendants are advised that depositions must be conducted in accordance with Federal Rule of Civil Procedure 28, which requires depositions to be taken before persons authorized or appointed to administer oaths and take testimony. Fed. R. Civ. P. 28(a)(1). Depositions may not be taken before "a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the

5 - ORDER

action." Fed. R. Civ. P. 28(c). Further, depositions must be noticed and conducted in accordance with Rule 30, which generally limits each party to ten depositions and requires depositions to be recorded by audio, audiovisual, or stenographic means, with the noticing party to pay the recording costs. Fed. R. Civ. P. 30(a)(2)(A)(i) and (b)(3)(A).

Finally, any deposition shall be conducted in accordance with this court's previous order; the location of the depositions shall be chosen by plaintiff and courthouse space will be made available for such depositions upon request.

### 3. Motion for Appointment of Counsel

Finally, Michael Boyle moves for the appointment of pro bono counsel. Generally, there is no constitutional right to counsel in a civil case. See United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (1986). However, the court has discretion to request counsel for indigent parties in exceptional circumstances. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). In assessing whether exceptional circumstances exist to warrant a request of counsel, the court evaluates the likelihood of success on the merits and the ability of the party to articulate claims or defenses. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wood, 900 F.2d at 1335-36.

6 - ORDER

Here, Michael Boyle presents an affidavit that warrants a finding of indigency given the nature of plaintiff's claims and the costs of defense counsel; however, he presents no evidence or argument regarding success on the merits. Regardless, Michael Boyle is a pro se defendant in a patent case; the complexities involved in patent litigation warrants a request for counsel, particularly as the case proceeds beyond the discovery phase. Further, the assistance of counsel would not only be helpful to him, but to the court and plaintiff as well.

Accordingly, the court will submit Michael Boyle's request for pro bono counsel. However, given Michael Boyle's ability to represent himself thus far, I decline to stay the proceedings until counsel is appointed.

## CONCLUSION

Plaintiff's Motions to Compel (doc. 40), to Reclassify Information (doc. 48), and for Protective Order (doc. 62) are GRANTED, as set forth above. Plaintiff's Motion for Imposition of Sanctions (doc. 50) is GRANTED in part, and plaintiff's Motion for Service by Publication (doc. 58) is DENIED as moot. Defendant Michael Boyle's Motions for Summary Judgment and to Compel Depositions (docs. 55, 56) are DENIED, and the motion for appointment of counsel (doc. 66) is GRANTED as set forth above.

The parties and counsel are expected and required to communicate with each other in a civil, professional manner,

7 - ORDER

regardless of the actual or perceived behavior of the opposing party or counsel. Upon request, the court will refer this case for a judicial settlement conference at the earliest opportunity.

IT IS SO ORDERED.

Dated this 6th day of September, 2013.

                                    _____
                                    Ann Aiken
                                    United States District Judge