IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLAS-WELD SYSTEMS, INC., an                Civ. No. 6:12-cv-02273-AA
Oregon Corporation,

                                                                    ORDER

          Plaintiff,

     v.

MICHAEL P. BOYLE, dba SURFACE
DYNAMIX and CHRISTOPHER BOYLE,

          Defendants.
_____

AIKEN, Chief Judge:

     Plaintiff Glas-Weld Systems, Inc., brings patent infringement

and unfair competition claims against defendants Michael P. Boyle,

dba Surface Dynamix, and Christopher Boyle. Before the court are

plaintiff's motions for partial summary judgment and to supplement

the record, and Christopher Boyle's motions to compel depositions

and to sever the claim alleging unfair competition.

     Plaintiff's Motion to Supplement (doc. 121) is GRANTED, and it

may supplement its reply in support of its motion. However,

plaintiff's motion for partial summary judgment (doc. 96) is STAYED

pending the court's ruling on claim construction. Once the court

1 - ORDER

construes the patent claims, the parties may supplement their briefing in support of and in opposition to the motion for partial summary judgment.

In the meantime, defendants shall provide <u>complete</u> responses to discovery requests identified by plaintiff in its motion and supporting memoranda, including Interrogatory No. 8 and Requests for Production Nos. 12 and 18. To the extent plaintiff's discovery requests are duplicative, defendants may group their responses accordingly. Defendants' responses shall be completed and provided to plaintiff within thirty (30) days from the date of this order.

Christopher Boyle's Motion to Compel Depositions (doc. 108) is DENIED. Deposition of plaintiff's experts would not be relevant or useful to the court's construction of the claims, particularly when the relevance and helpfulness of plaintiff's expert testimony is questionable. That said, Christopher Boyle may retain an expert to rebut plaintiff's proposed claim construction. The court makes no representation that such expert testimony would be considered. Should the parties seek depositions after the ruling on claim construction, the parties shall confer and agree to a reasonable deposition schedule.

Christopher Boyle's Motion to Sever plaintiff's unfair competition claim (doc. 107) is DENIED. The facts alleged in support of plaintiff's unfair competition claim are related to plaintiff's infringement claims, i.e., the sale of products that

2 - ORDER

embody the patents at issue and implicate plaintiff's proprietary information and designs. As such, defendants are not prejudiced by joinder, and severance would not serve the interests of judicial economy. However, should this case proceed to trial, the court would entertain a motion to bifurcate the patent claims from the unfair competition claim, solely for purposes of trial.

As to Michael Boyle's in camera communication, additional pro bono counsel will be neither requested nor appointed by this court. Current counsel was obtained after numerous requests, and the process of seeking additional counsel would only add undue delay. Should Michael Boyle obtain pro bono counsel through his own efforts, such counsel shall file a notice of appearance.

Finally, given that counsel for Michael Boyle is pro bono and Christopher Boyle is appearing pro se, the court is inclined to grant reasonable leeway with respect to court and filing deadlines, and plaintiff is advised to do the same. Moreover, pro se litigants are entitled to notice of Rule 56 standards and supplementation of any briefing, if appropriate, before a court may rule on a motion for summary judgment.

IT IS SO ORDERED.

Dated this _2ND_ day of June, 2014.

Ann Aiken
United States District Judge

3 - ORDER