Robert E. Barton, OSB No. 814637
E-mail: rbarton@cosgravelaw.com
Paul A. C. Berg, OSB No. 062738
E-mail: pberg@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019

James A. Gale, FSB No. 371726
E-mail: JGale@feldmangale.com
Gregory L. Hillyer, FSB No. 682489
E-Mail: GHillyer@FeldmanGale.com
Javier Sobrado, FSB No. 44992
E-Mail: JSobrado@FeldmanGale.com
*Pro Hac Vice*
FELDMAN GALE, P.A.
One Biscayne Tower Suite 3000
2 So. Biscayne Boulevard
Miami, Florida 33131
Telephone:   (305) 358-5001
Facsimile:    (305) 358-3309

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLAS-WELD SYSTEMS, INC., an Oregon corporation,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL P. BOYLE, dba SURFACE DYNAMIX; and CHRISTOPHER M. BOYLE<br><br>　　　　Defendants. | Case No. 6:12-cv-02273-AA<br><br>**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE** |

// // //

// // //

// // //

Page 1 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

## LR7-1(a) CERTIFICATION

Counsel for Plaintiff, Glas-Weld Systems, Inc. ("Glas-Weld") certify that they have conferred with counsel for Defendant Michael P. Boyle, dba Surface Dynamix, and with Defendant Christopher Boyle (collectively, "the Boyles") on the issues which are the subject of this motion. The parties have been unable to reach agreement.

## I. MOTION

Pursuant to Rule 37(b)(2) Glas-Weld respectfully moves the Court for entry of a default judgment against Defendants Michael Boyle and Christopher Boyle, (collectively "the Boyles"), and submits the memorandum below in support of same.

## II. MEMORANDUM OF LAW

### A. INTRODUCTION

Glas-Weld requests that the Court enter a default judgment against Defendants Michael Boyle and Christopher Boyle, because of their complete, consistent, and unapologetic disregard of this Court's clear orders compelling them to comply with their discovery obligations. Specifically, Glas-Weld asks that the Court impose sanctions under Rule 37(b)(2) and grant Glas-Weld a default judgment against the Boyles for the Boyles' collective refusal to comply with the Court's June 2, 2014 Order compelling discovery responses, the Court's September 6, 2013 Order also compelling discovery responses, and their other discovery violations.

Since the inception of this case Michael Boyle has refused to cooperate with Glas-Weld's attempts to obtain information, documents, and things related to the subject matter of this litigation. He's disobeyed this Court's orders, and he rebuffed the Court's attempt to provide him assistance in the form of a *pro bono* attorney. Michael Boyle's son and co-defendant, Christopher Boyle has followed in his father's footsteps. Nearly all of the deficiencies set forth in Glas-Weld's original Motion to Compel, which was filed a year ago, remain unaddressed by Michael Boyle despite two orders from this

Page 2 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Court compelling full and complete responses. Additionally, deficiencies raised with Michael Boyle's attorney more than seven months ago also remain unaddressed, as do deficiencies and outright discovery violations raised with Christopher Boyle more than four months ago.

Glas-Weld's Reply in Support of its Motion for Summary Judgment of Infringement noted that the Boyles' discovery violations alone were sufficient grounds for the Court to grant summary judgment. However, the Court gave the Boyles yet another opportunity to correct these deficiencies, ordering them to provide ***complete*** responses to discovery requests by July 2, 2014.  But the Boyles once again largely ignored this Court's clear order.  Specifically, Michael Boyle refused to provide any additional information or documentation, and instead served a response to Interrogatory No. 8 that did nothing more than blame the *pro bono* attorney who volunteered to assist him for his inability to provide a full and complete response.  He flatly refused to address any of the other deficiencies and discovery violations previously brought to his attention.

Similarly, although Christopher Boyle served an incomplete, partial response to Interrogatory No. 7, he did not provide any documentation, revise his bad faith responses to Glas-Weld's requests for admission, or otherwise cure any of the numerous discovery deficiencies and violations previously brought to his attention.

On July 3, 2014, Glas-Weld informed the Boyles that their responses were deficient and violated the June 2, 2014 Order compelling complete responses.  Three weeks later, Defendants continue to refuse to supplement their responses.  Accordingly, Glas-Weld respectfully requests that the Court grant a default judgment against Defendants because of their continuing and willful disregard for their discovery obligations.

// // //

// // //

Page 3 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

## B. BACKGROUND AND FACTS

### 1. Michael Boyle's Refusal to Comply with the Federal Rules of Civil Procedure

Michael Boyle's refusal to provide information and documents pursuant to Glas-Weld's discovery requests - served well over a year ago on May 2 & 3, 2013, and June 26, 2013 - are documented in Glas-Weld's Motion to Compel and associated memoranda (Doc. Nos. 40, 41, 41-1-41-8 & 47), which are incorporated herein by reference in their entirety.  On September 6, 2013, the Court granted Glas-Weld's motion to compel and ordered Michael Boyle to respond to all pending discovery within 45 days. Doc. No. 67.

As discussed in Glas-Weld's Motion for Partial Summary Judgment of Infringement and associated memoranda and exhibits (Doc. Nos. 96, 97, 97-1 – 97-8, 115, 115-1 – 115-5) (collectively, the "Glas-Weld Summary Judgment Briefs"), which are incorporated herein by reference in their entirety, the Court's appointment of *pro bono* counsel for Michael Boyle did little to improve his cooperation with Glas-Weld and his compliance with discovery obligations.  Before he terminated his volunteer attorney, Michael Boyle served document production and responses to Glas-Weld's discovery, including Glas-Weld's interrogatories on October 21, 2013. Doc. No. 97-5.  However, Michael Boyle's October 21, 2013 responses left several interrogatories unanswered and provided deficient responses to others.  *Id.*; *see also* Doc. No. 96, at p. 9-10. Specifically, Michael Boyle has not provided substantive answers to Glas-Weld's Interrogatory Nos. 8 – 14:

- Michael Boyle's response to Interrogatory No. 8,[1] which asks for a chart detailing the basis of his non-infringement defense stated only that "No claim charts have been produced.  Defendant will supplement this

---

[1] On July 23, 2014 Michael Boyle notified Glas-Weld by email that he was adopting as his response to Interrogatory No. 8, Christopher Boyle's response to Glas-Weld's Interrogatory No. 7 served on July 2, 2014.  That response is deficient, but more importantly, Michael Boyle continues to refuse to cure the remainder of his discovery deficiencies.

Page 4 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

response if unprivileged responsive documents become available." *Id.* Michael Boyle's July 2, 2014 response is similarly deficient and addressed below.

- Michael Boyle's response to Interrogatory No. 9, which asks for a chart detailing the basis of his invalidity defense, stated only that "No responsive documents or items exist presently. Defendant will supplement this response as appropriate." *Id.* No supplementation has been provided.

- Michael Boyle's Responses to Interrogatory Nos. 10, 11, 12, 13 and 14, which ask for the factual basis supporting his other affirmative defenses, states only that "Defendant presently lacks information to respond to this interrogatory. This response will be supplemented as appropriate." No supplementation has been provided.

Michael Boyle's October 21, 2013 responses to other interrogatories, such as Interrogatory Nos. 1, 2, 6, 16, 17 and 18, are deficient because they answer by generally refer to documents, but failing to identify such documents as required by the Federal Rules:

- Michael Boyle's Response to Interrogatory Nos. 1, 2 and 18, which ask for information relating to the identification, manufacture and sale of the Accused Products, refer to "documents being made available for inspection and copying in response to Plaintiff's Requests 1 and 2 for Production" but fails to identify such documents in sufficient detail (i.e. a Bates-number or file name) to enable Glas-Weld to locate and identify them as readily as Michael Boyle. Doc. No. 115-2, pp. 3 - 4 & 11.

- Michael Boyle's Response to Interrogatory Nos. 6 and 16 - 18, which ask for information relating to Michael Boyle's documents and communications with third parties relating to Glas-Weld its customers, its products or the Accused products, also refer to "documents being made available for inspection and copying in response to Plaintiff's Requests 1 and 2 for Production" but fail to identify such documents in sufficient detail (i.e. a Bates-number or file name) to enable Glas-Weld to locate and identify them as readily as Michael Boyle. Doc. No. 115-2, pp. 6 & 9 - 11.

Glas-Weld informed Michael Boyle of these deficiencies on November 27, 2013, but he did nothing to supplement his responses or otherwise cure the deficiencies. Doc. No. 115-2. As also noted in the Glas-Weld Summary Judgment Briefs, Michael Boyle has yet to produce a full sample of any Accused Product at issue in this litigation, as

Page 5 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

requested in Glas-Weld Document Request No. 28. Doc. No. 115, pp. 13 & 20-21; *see also* Doc. No. 47-2, p. 9. Glas-Weld also notified Michael Boyle, via his attorney, on May 8, 2014, that he needed to supplement the little information he had previously provided in advance of the expert report deadlines. Ex. A (May 8, 2014 Email). Michael Boyle refused to do so. Lastly, on May 15, 2014, Glas-Weld served on Michael Boyle, via his attorney, Interrogatory No. 20, relating to experts, which Michael Boyle simply ignored. Ex. B (Glas-Weld's Second Set of Interrogatories to Michael Boyle).

### 2. Christopher Boyle's Refusal to Comply With the Federal Rules of Civil Procedure

As detailed in the Glas-Weld Summary Judgment Briefs, Christopher Boyle has also ignored his discovery obligations by refusing to (1) produce any documents, (2) make a good faith effort to respond to Glas-Weld's Requests for Admission, and (3) provide substantive answers to certain interrogatories. Doc. No. 96, p. 10; Doc. No. 97-8; Doc. No. 115, pp. 7-8. Glas-Weld served its discovery requests on Christopher Boyle on October 15, 2013, and again on December 20, 2013. Christopher Boyle has not produced a single document or thing responsive to any request for production. Doc. No. 115, pp. 2 & 13. Christopher Boyle provided delinquent responses to Glas-Weld's interrogatories and requests for admission on February 20, 2014. (Doc. No. 97-7 & 97-8). In those responses, Christopher Boyle universally denied every request for admission asking whether a claim term was present in the Accused Products, even denying the presence of claim terms that are not at issue, such as a "cylinder" in the Accused Resin Injector Products, and "light bulb/source" in the Accused Products. Doc. No. 96, pp. 10-11; Doc. No. 115, pp. 6-7; *see, e.g.,* Doc. No. 97-8, pp. 4 (Request No. 3) and 20 (Request No. 101).

Christopher Boyle also failed to provide substantive answers to many of Glas-Weld's Interrogatories. Doc. No. 96 at p. 10; *see also* Doc. No. 97-7. Specifically:

Page 6 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

requested in Glas-Weld Document Request No. 28. Doc. No. 115, pp. 13 & 20-21; *see also* Doc. No. 47-2, p. 9. Glas-Weld also notified Michael Boyle, via his attorney, on May 8, 2014, that he needed to supplement the little information he had previously provided in advance of the expert report deadlines. Ex. A (May 8, 2014 Email). Michael Boyle refused to do so. Lastly, on May 15, 2014, Glas-Weld served on Michael Boyle, via his attorney, Interrogatory No. 20, relating to experts, which Michael Boyle simply ignored. Ex. B (Glas-Weld's Second Set of Interrogatories to Michael Boyle).

### 2. Christopher Boyle's Refusal to Comply With the Federal Rules of Civil Procedure

As detailed in the Glas-Weld Summary Judgment Briefs, Christopher Boyle has also ignored his discovery obligations by refusing to (1) produce any documents, (2) make a good faith effort to respond to Glas-Weld's Requests for Admission, and (3) provide substantive answers to certain interrogatories. Doc. No. 96, p. 10; Doc. No. 97-8; Doc. No. 115, pp. 7-8. Glas-Weld served its discovery requests on Christopher Boyle on October 15, 2013, and again on December 20, 2013. Christopher Boyle has not produced a single document or thing responsive to any request for production. Doc. No. 115, pp. 2 & 13. Christopher Boyle provided delinquent responses to Glas-Weld's interrogatories and requests for admission on February 20, 2014. (Doc. No. 97-7 & 97-8). In those responses, Christopher Boyle universally denied every request for admission asking whether a claim term was present in the Accused Products, even denying the presence of claim terms that are not at issue, such as a "cylinder" in the Accused Resin Injector Products, and "light bulb/source" in the Accused Products. Doc. No. 96, pp. 10-11; Doc. No. 115, pp. 6-7; *see, e.g.,* Doc. No. 97-8, pp. 4 (Request No. 3) and 20 (Request No. 101).

Christopher Boyle also failed to provide substantive answers to many of Glas-Weld's Interrogatories. Doc. No. 96 at p. 10; *see also* Doc. No. 97-7. Specifically:

Page 6 -  **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

- Christopher Boyle's response to Interrogatory Nos. 2, 3, & 20, which ask for information relating to the identification, manufacture and sale of the Accused Products, merely state his objection "on the basis of my aforementioned General Objections." Doc. No. 97-7, pp. 5 - 6 & 23.

- Christopher Boyle's Answer to Interrogatory Nos. 6, 16, & 19, which ask for information relating to Christopher Boyle's documents and communications with third parties relating to Glas-Weld, its customers, its products or the Accused Products, also merely state his objection "on the basis of my aforementioned General Objections." *Id.*, pp. 9, 19 & 22.

- Christopher Boyle's Answer to Interrogatory Nos. 9, 10, & 15, which ask him to state the basis for various affirmative defenses, merely state his objection "on the basis of my aforementioned General Objections." *Id.*, pp. 12 - 13, & 15.

Despite living and working with Defendant Michael Boyle, Christopher Boyle's responses to other Interrogatories, such as Interrogatory Nos. 1 & 18, include irrelevant and extraneous information while either expressly claiming or impliedly suggesting that he does not have access to the information requested. *Id.* at p. 4 & 21. Glas-Weld notified Christopher Boyle of the deficiencies in his responses on March 4, 2014. Doc. No. 115-5. He has refused to supplement the same.

### 3. Defendants' Refusal to Comply with the Court's June 2, 2014 Order

Glas-Weld noted in its Reply in Support of its Motion for Partial Summary Judgment (Doc. No. 115) – filed April 24, 2014 three weeks before the close of fact discovery – that the Court had grounds for granting Glas-Weld summary judgment and a default judgment against the Boyles due to their ongoing discovery violations. Nevertheless, neither Defendant supplemented their discovery responses or attempted to address any of the deficiencies highlighted therein or previously brought to their attention before fact discovery closed.

After the May 16, 2014 close of fact discovery, the Court *sua sponte* ordered that Defendants provide "complete responses" to pending discovery requests, and stayed its decision on the Motion for Summary Judgment pending the Court's order on claim

Page 7 -  **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

construction. Doc No. 123 (June 2, 2014 Order). In Glas-Weld's Response to David Madden's Motion to Withdraw (Doc. No. 126), Glas-Weld noted that "over a year after Glas-Weld served its initial discovery requests on Michael Boyle, his production and responses remain deficient … [and] Glas-Weld has little confidence that either defendant will comply with the Court's June 2 Order[.]" Doc. No. 126, at p. 5. The Court's June 24, 2014 Order granting Mr. Madden's Motion to Withdraw reiterated that "both Michael and Christopher Boyle remain bound by the Court's order to comply with outstanding discovery requests by July 2, 2014." Doc. No. 127.

On July 2, 2014, Michael Boyle served the deficient supplemental response attached hereto as Exhibit C, claiming that his inability to communicate with Mr. Madden precluded his ability to respond to the request. Ex. C, p. 3. Other than referencing Requests for Admission Nos. 8 &12, which are not at issue, Michael Boyle did not make **any** attempt whatsoever to cure any of the other pending discovery requests, and did not produce a single additional document.

On July 2, 2014, Christopher Boyle served the supplemental response attached hereto as Exhibit D. Christopher Boyle provided a delinquent response to Glas-Weld's Second Set of Interrogatories served on him on May 15, 2014, and also provided an incomplete response to Interrogatory No. 7, listing claim terms he alleges are not present in the Accused Products, but not providing a claim chart or any other explanation or facts supporting his claim that those elements are not present. Ex. D. However he too makes no effort to address any of the other delinquent discovery responses.

Simply put, both defendants ignored this Court's clear order to provide complete discovery and failed to produce any documents or things responsive to Glas-Weld's requests for production on July 2, 2014.

// // //

Page 8 -  **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

2094664

In an effort to give the Boyles reasonable leeway with respect to their obligations, on July 3, 2014, Glas-Weld notified defendants that their supplemental responses were "woefully deficient and fail to comply with the Court's June 2, 2014 Order." Ex. E. In the three weeks that have passed since that notification, both defendants have continued to ignore their obligations.[2]

### III.    ARGUMENT

Both defendants have willfully refused to comply with this Court's orders compelling them to meet their discovery obligations. That willful refusal provides ample grounds for granting a default Judgment against Defendants. Rule 37 of the Federal Rules of Civil Procedure allows the Court to enter sanctions against a party who "fails to obey [a discovery] order" by "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; … (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A); *Rainbow Pioneer #44-18-04A v. Hawaii Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (""[A]ffirm[ing] the district court's order of default and partial default judgment" due to a Defendant's "willful and unjustifiable" actions of failing to produce documents and answer interrogatories.); *U.S. v. Harkins*, 355 F.Supp.2d 1175, 1180 (D.Or. 2004). (Relying on the fact that "defendant has been completely uncooperative with plaintiff's counsel in refusing to answer questions, or respond to discovery" in granting summary judgment and injunctive relief against defendant.). "[A]n

---

[2] On July 23, Michael Boyle adopted via email as his response to Interrogatory No. 8, Christopher Boyle's response to Interrogatory No. 7 served on July 2, 2014. As explained above, Christopher Boyle's response is insufficient.

Page 9 -   **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Boyles have been unashamed in their pursuit of a litigation strategy of withholding responsive, discoverable information in order to drive up litigation costs for Glas-Weld – precisely the strategy that the Federal Rules of Civil Procedure, and more specifically Rule 37, are designed to stamp out.

Glas-Weld has been waiting for Michael Boyle to comply with his discovery obligations for over more than a year.[3] Glas-Weld has obtained multiple orders compelling complete responses from Michael Boyle (Doc. Nos. 67, 123 & 127) and still Michael Boyle refuses to comply. More than two months after the close of fact discovery, on May 16, 2014, and despite orders from this Court, Michael Boyle's interrogatory responses and document production remains incomplete and Glas-Weld remains no closer to obtaining responses from Defendants.

Since his entry into this lawsuit, Christopher Boyle has followed in his father's footsteps. He served his discovery responses months late (Doc. No. 97-7 & 97-8), refused to address deficiencies in his responses brought to his attention over four months ago (Doc. No. 115-5), and refused to do so even when compelled by the Court's order. Doc. No. 123 & 127. As detailed above, Christopher Boyle has not produced a single document in this matter, did not make a good faith effort to answer Glas-Weld's Requests for Admission, and has refused to give substantive answers to numerous interrogatories.

Glas-Weld has been prejudiced by the Boyles' refusal to follow this Court's orders or otherwise adhere to the Federal Rules of Civil Procedure. Defendants' willful intransigence has deprived Glas-Weld of information, including but not limited to, the factual bases for many of their affirmative defenses, samples of the Accused Products

---

[3] Glas-Weld's initial Motion to Compel was filed on July 22, 2013. (Doc. No. 40 & 41).

Page 10 - **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

at issue in this litigation and manufacture, and sales data for the Accused Products. The Boyles have demonstrated that they will not follow Court orders. Any further leeway will only serve to further prejudice Glas-Weld, and embolden the Boyles' apparent belief that this Court's orders are mere suggestions to be obeyed or ignored as they see fit.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant this Motion, and enter a Default Judgment against Defendants Michael Boyle and Christopher Boyle.

DATED: July 24, 2014

COSGRAVE VERGEER KESTER LLP

*/s/ Paul A. C. Berg*
Robert E. Barton, OSB No. 814637
Paul A. C. Berg, OSB No. 062738
Telephone: (503) 323-9000
Fax: (503) 323-9019
E-mail: rbarton@cosgravelaw.com
          pberg@cosgravelaw.com

and

James A. Gale, FSB No. 371726
Gregory L. Hillyer, FSB No. 682489
Javier Sobrado, FSB No. 44992
Admitted *Pro Hac Vice*
Telephone: (305) 358-5001
Fax: (305) 358-3309
Email: JGale@feldmangale.com
          GHillyer@feldmangale.com
          JSobrado@feldmangale.com

Attorneys for Plaintiff

Page 11 - **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE**

2094664

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MICHAEL BOYLE AND CHRISTOPHER BOYLE** on the date indicated below by:

☒ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☒ email

☒ electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorneys and defendant at the addresses listed below:

James A. Gale, Esq.    **(ELECTRONIC FILING NOTIFICATION)**
Javier Sobrado
Gregory L. Hillyer
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, FL 33131
    Of Attorneys for Plaintiff

Michael P. Boyle    **(EMAIL & US MAIL)**
66932 Sagebrush Lane
Bend, OR 97701
    Defendant Pro Se

Christopher M. Boyle    **(EMAIL & US MAIL)**
66932 Sagebrush Lane
Bend, OR 97701
    Defendant Pro Se

DATED: July 24, 2014

    /s/ Paul A. C. Berg
    Robert E. Barton
    Paul A. C. Berg

Page 1 - **CERTIFICATE OF SERVICE**

2094664