IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLAS-WELD SYSTEMS, INC., an Oregon Corporation, | Case No. 6:12-cv-02273-AA<br>OPINION AND ORDER |
| Plaintiff, | |
| v. | |
| MICHAEL P. BOYLE dba SURFACE DYNAMIX; and CHRISTOPHER M. BOYLE, | |
| Defendants. | |

AIKEN, Judge:

Plaintiff, Glas-Weld Systems, Inc., moves for an order dismissing all claims without prejudice and setting the amount of sanctions against defendants Michael P. Boyle, dba Surface Dynamix, and Christopher Boyle. Glas-Weld Systems, Inc., Motion for Order Setting Amount of Sanctions and Dismissing all Claims without Prejudice ("Pl.'s Mot. Dismiss and Set

1 – OPINION AND ORDER

Sanctions") (Doc. 272). For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

On July 30, 2015, after describing "the lengthy and convoluted procedural history of this case and the parties' disputes [that] [we]re well-documented by plaintiff's filings and the docket of record," this Court granted plaintiff's motion for sanctions against defendants and ordered that "defendants shall pay the attorney fees incurred by plaintiff in seeking to obtain the expert reports during the time period from April 6, 2015, through May 4, 2015; filing the motion for order to show cause (doc. 186) and supporting reply (doc. 202); the motion to continue depositions (doc. 199); and the response in opposition to defendants' emergency motion to dismiss (doc. 214)." Doc. 217 at 12.

On October 8, 2015, this Court denied defendants' Motion for Reconsideration and specifically found that "[c]ontrary to defendants' assertions, defendants were given notice and the opportunity to show cause why sanctions should not be imposed for the failure to follow court orders and produce expert reports. **The responsibilities of following court orders falls equally on both defendants**, and the Court has explained why sanctions were imposed." Doc. 226 (emphasis supplied). This Court further found that "defendants' repeated complaints about plaintiff's production of damages information has been addressed and does not excuse defendants' failures in any event." *Id.*

On March 31, 2016, this Court entered an Order holding that the appropriate amount of sanctions would be determined at such time that it issued an Order resolving summary judgment. Doc. 253. This case was stayed on October 3, 2016, after Michael Boyle filed a petition for bankruptcy. Doc. 271. On January 30, 2017, after learning that Michael Boyle's bankruptcy had

been discharged under 17 U.S.C. § 727, plaintiff filed the instant motion that is presently before this Court. Pl.'s Mot. Dismiss and Set Sanctions 3 (citing *Id.* at Ex. A).

## DISCUSSION

Plaintiff first argues that "in view of Michael Boyle's debts pursuant to 11 U.S.C. § 727 on or about December 22, 2016, and the fact that Christopher Boyle is believed to no longer work in the glass repair industry or sell any accused products," pursuant to Federal Rule of Civil Procedure 41, the Court should "dismiss all claims in this mater without prejudice. *Id.* at 2. Defendants "do not object to plaintiff's Motion to Dismiss without Prejudice." Defs.' Resp. to Pl.'s Mot. Dismiss and Set Sanctions 1 (Doc. 277). Because plaintiff's motion - insofar as it seeks dismissal of this action without prejudice - is unopposed by defendants, this Court grants plaintiff's unopposed motion to dismiss without prejudice.

Plaintiff next argues that this Court awarded its reasonable attorneys' fees (doc. 217 at 12) and reaffirmed that both defendants were liable for these fees (doc. 226) and, therefore, "the discharge of Michael Boyle's debts pursuant to 11 U.S.C. §727 does not affect Christopher Boyle's liability with respect to the award sanctions" totaling $19,325.50. *Id.* at 3 (citing doc. 220). Plaintiff, therefore, asks the Court to set the amount of fees to be paid by Christopher Boyle. *Id.*

Defendants respond that plaintiff has "failed to draw any distinction between the defendants, their respective roles in the sanctioned behavior, and the unequal responsibility for their respective share of the fees." Defs.' Resp. to Pl.'s Mot. Dismiss and Set Sanctions 1. This Court finds defendants' argument unpersuasive. As stated above, this Court has already explained ad nauseam why sanctions were imposed and has held that the responsibility of following this Court's orders "falls equally on both defendants." The discharge of Michael

3 – OPINION AND ORDER

Boyle's debts pursuant to 11 U.S.C. §727 does not mitigate Christopher Boyle's equal liability with respect to the award sanctions. As such, this Court finds that Christopher Boyle is responsible for one half of the total sanctions – his equal share - as calculated below.

In determining a reasonable attorney fee, the court first multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (as amended) (discussing the lodestar method). After calculating this amount, the court considers whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors[1] set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). *Id.*

The court is required to ensure an award's reasonableness, regardless of whether the opposing party objected to it. *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992). The court also possesses "considerable discretion . . . in determining what attorney's fee is reasonable." *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 526-27 (9th Cir. 1999), cert. denied, 537 U.S. 948 (2002). Accordingly, "the reasonable fee, as calculated by the district court, may fall short of the actual fee that the . . . lawyer charges." *Corder v. Gates*, 947 F.2d 374, 378 n.3 (9th Cir. 1991) (citation and internal quotations omitted).

Here, plaintiff seeks $19,325.0, comprised of: $2,450 in fees attributable to James Gale's work over 4.9 hours at $500 per hour; $990 in fees attributable to Rafeal Perez-Pineiro's work

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 70.

4 – OPINION AND ORDER

over 2 hours[2] at $495 per hour; $11,952 in fees attributable to Javier Sobrado's work over 33.2 hours at $360 per hour; $2,311.50 in fees attributable to David Stahl's work over 6.9 hours at $335 per hour; and $1,521 in fees attributable to work performed by "its local counsel, Cosgrave Vergeer Kester LLP" over 7.8 hours at $195 per hour.[3] Decl. of Javier Sobrado Regarding Awarded Fees ("Sobrado Decl.") (Doc. 220) 2-3; *Id.* Ex. A, B.

In support of these fees, plaintiff submits that Mr. Gale had 31 years of experience during the relevant time period, Mr. Perez-Pineiro had 13 years of experience, Mr. Sobrado had 7 years of experience, and Mr. Stahl had 4 years of experience.[4] Plaintiff makes no assertions and presents no evidence regarding who "local counsel" is and their level of experience.

First, this Court addresses the issue of whether the requested hourly rates are reasonable. The latest Oregon State Bar Economic Survey ("OSB Survey"), issued in 2012, provides billing rates by locality, years of experience, and area of practice. A reasonable rate for legal services is "'calculated according to the prevailing market rates in the relevant community.'" *McElmurry v. U.S. Bank Nat'l Ass'n*, 2008 WL 1925119, *3 (D. Or. Apr. 30, 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "This District considers the most recent [OSB Survey] as its 'initial benchmark' in determining whether hourly billing rates are reasonable." *Prison Legal News v. Umatilla Cnty*, 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." *Id.* (citation omitted). Initially, "[t]he general rule is that the

---

[2] This Court notes that Rafeal Perez-Pineiro billed only 1.8 hours on April 21, 2015, and not 2 hours as plaintiff's claim. *See generally,* Sobrado Decl. Ex A.

[3] Plaintiff failed to state the sum of the fees sought be each attorney. As such, this Court multiplied the total number of hours billed by each attorney by the hourly rate sought to determine the total amount of fees sought for the work of each attorney.

[4] Plaintiff submits that Mr. Gale's Florida bar passage date is October 28, 1983; Mr. Perez-Pineiro's Florida bar passage date is April 02, 2002; Mr. Sobrado's Florida bar passage date is October 17, 2007; and Mr. Stahl's Florida bar passage date is September 20, 2010.

5 – OPINION AND ORDER

relevant community for purposes of the prevailing rate is the forum in which the district court sits." *Id.* at *5 (citations omitted).

Here, the hourly rates sought by plaintiff for the work of Mr. Gale, $500 per hour; Mr. Perez-Pineiro, $495 per hour; Mr. Sobrado, $360 per hour; and Mr. Stahl, $360 per hour, are significantly higher than the average for attorneys with comparable experience.[5] In many instances, the rates plaintiff seeks exceed the 75th percentile. Plaintiffs furnished no argument or evidence to justify this increase. Moreover, plaintiff failed to provide furnish names, experience levels, or any evidence to justify the hourly rates of the work performed by "its local counsel." As such, this court finds that plaintiff failed to adequately justify their requested rates. *See Prison Legal News*, 2013 WL 2156471 at *5-6 (increased rates were not appropriate despite the submission of "declarations from [plaintiff's] own attorneys, expounding upon their expertise in the area of prisoners' rights, which the OSB survey fails to specifically take into account," as well as "eight declarations by other attorneys, who opine that counsels' hourly rates are appropriate given their skill level, the result obtained, the complexity of the case, and the comparable rates of similarly specialized attorneys with equivalent experience."). Because the rate requested exceeds the average rate reported in the OSB Survey, and plaintiff submitted no evidence to support the rate increase, this Court finds that plaintiff failed to meet its burden is on to justify that higher rate.

As such, higher-than-average rates are not reasonable in this case. Thus, the Court awards the median rate for each attorney's respective levels of experience as set forth in the 2012 OSB Survey for the purposes of calculating the loadstar amount. A reasonable hourly rate for

---

[5] The 2012 OSB lists the relevant hourly rate as follows: over 30 years of experience = $274 average, $250 median, $278 75th percentile; 13-15 years of experience = $239 average, $195 median, $278 75th percentile; and 7-9 years of experience rate information was not available, and 4-6 years of experience = $176, average $183 median, $196 75th percentile.

6 – OPINION AND ORDER

Mr. Gale is $250, Mr. Perez-Pineiro is $195, Mr. Sobrado is $204,[6] Mr. Stahl is $185, and plaintiff's "local counsel" is $195.[7]

The Court now turns to the issue of whether the number of hours requested by plaintiff for the services rendered by the attorneys are reasonable. The Court finds that, for the most part, the hours requested are reasonable. Nevertheless, several billing defects appear in plaintiff's fee petition, such that reductions are appropriate. *Prison Legal News*, 2013 WL 2156471, *7 (even where, as here, the expended time is reasonable, the court may still reduce the fee award for defects in the . . . motion for fees.). Preliminarily, as stated above, this Court notes that Mr. Perez-Pineiro billed only 1.8 hours on April 21, 2015, and not 2 hours as plaintiff's claim. Mr. Perez-Pineiro's hours are otherwise reasonable. As such, this Court awards plaintiff $351 for Mr. Perez-Pineiro's 1.8 hours of work performed at $195 per hour.

Plaintiff's fee petition also reflects block billing. Specifically, Mr. Sobrado block billed 10 hours on April 21, 2015 and 5.6 hours on May 18, 2015.[8] Sobrado Decl. Ex A at 2, 5. "This District has specifically cautioned against block billing" because this practice "greatly hinder[s] the court's ability to assess the reasonableness of the time expended." *Prison Legal News*, 2013 WL 2156471 at *7 (citation omitted). Yet this practice may be excused "when the billing period is no more than three hours." *Id.* at 8 (citation omitted). Accordingly, Mr. Sobrado's block

---

[6] The 2012 OSB survey does not contain data for hourly billing rates for attorneys with Mr. Sobrado's experience in the Court's locality. The Court chooses to use the average of the median hourly rate for attorneys with 4-6 years of experience and 10-12 years of experience in the Lower Valley area, or $195.

[7] The Court finds that the requested hourly rate of $195 for plaintiff's "local counsel" is reasonable for this locality.

[8] This Court notes that plaintiff's local counsel also block billed 4.3 hours on April 22, 2015 to "revise, supplement, and finalize motion for order to show cause why default judgment should not be entered." Sobrado Decl. Ex. B. However, because plaintiff's local counsel only performed one specific task during this time period, the court's ability to assess the reasonableness of the time expended. As such, no reductions are made to plaintiff's local counsel as a result of this block billing.

7 – OPINION AND ORDER

billing entries are stricken only to the extent that they exceed three hours. Thus, Mr. Sobrado's hours are reduced by 9.6 hours from 33.2 hours to 23.6 hours.

In sum, plaintiff is awarded $9,187.90, comprised of $1,225 for Mr. Gale's 4.9 hours of work, $351 for Mr. Perez-Pineiro's 1.8 hours of work, $4,814.40 for Mr. Sobrado's 23.6 hours of work, $1,276.50 for Mr. Stahl's 6.9 hours of work, and $1,521 for plaintiff's local counsels' 7.8 hours of work. Further, as stated above, Christopher Boyle is responsible for half of this amount, or $4,593.95.

## CONCLUSION

For the reasons stated above, plaintiff's motion for an order dismissing all claims without prejudice and setting the amount of sanctions against defendants Michael P. Boyle, dba Surface Dynamix, and Christopher Boyle (doc. 272) is GRANTED in part and DENIED in part. Specifically, plaintiff's motion to dismiss without prejudice is GRANTED, and all remaining pending motions are denied as moot. Plaintiff's motion, insofar as it seeks an award of expenses and fees, is GRANTED in part, such that plaintiffs are awarded a total of $9,187.90 in attorney fees. As previously stated, Christopher Boyle is responsible for half of these fees, or $4,593.95.

IT IS SO ORDERED.

DATED this 31st day of March 2017.

_____
ANN AIKEN
United States District Judge